IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY LYNN JACKSON, #45685-177, | § | |
|       Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:14-CV-3246-B-BK |
| | § | (3:13-CR-031-B) |
| UNITED STATES OF AMERICA, | § | |
|       Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the motion be denied.

**I. BACKGROUND**

Pursuant to a plea agreement with an appellate-rights waiver, Petitioner pled guilty to four counts of possession with the intent to distribute cocaine base, and was sentenced to 160 months' imprisonment. His direct appeal was subsequently dismissed as frivolous under *Anders v. California*, 386 U.S. 738 (1967). *Jackson v. United States*, No. 3:13-CR-031-B (N.D. Tex. 2013), *appeal dismissed,* 576 F. App'x 317 (5th Cir. 2014). In this timely section 2255 motion, Petitioner asserts ineffective assistance of counsel during the plea proceedings, at sentencing, and on appeal. Doc. 2; Doc. 3. The government argues the section 2255 motion lacks merit, Doc. 9, and Petitioner has filed a reply, Doc. 11.

**II. ANALYSIS**

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes,* 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th

Cir. 1991) (*en banc*)).  Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Ineffective Assistance of Counsel During Guilty Plea Proceedings (Claim 1)

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).  Failure to establish either deficient performance or prejudice defeats the claim.  *Id.* at 697.  To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment.  *Id.* at 687.  The proper measure of attorney performance is reasonableness under prevailing professional norms.  *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.  There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.  *Id.*  To prove prejudice, in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Stated differently, the petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.*

*Plea to Count 4*

Petitioner asserts he did not possess cocaine base with intent to distribute, as charged in Count 4, because the substance seized was sodium bicarbonate ("baking soda") not cocaine base. He claims that he is actually innocent of the charge in Count 4 and that defense counsel rendered ineffective assistance in permitting Petitioner to plead guilty to that count.  Doc. 3 at 6-8.

Petitioner's contentions are belied by the record.  In his sworn Factual Résumé, Petitioner confirmed that the substance found in his trunk on January 10, 2013, was "approximately seven ounces of 'crack' cocaine base," as alleged in Count 4.  Crim. Doc. 20 at 4.  At re-arraignment, Petitioner also admitted that he was guilty of Count 4, Crim. Doc. 49 at 27, and that the facts contained in the Factual Résumé (which he had read in its entirely and fully understood) were true and correct.  Crim. Doc. 49 at 28-29.  A defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath.  *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998).  "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).  Here, apart from his belated and unsubstantiated claims that the substance was instead baking soda and that there were "anomalies" in the weight, Petitioner has not "produced independent indicia of the likely merit of [his] allegations." *Cervantes*, 132 F.3d at 1110 (declining to hold evidentiary hearing because rearraignment testimony and plain terms of the plea agreement refuted allegations that attorney had promised the defendant a lower sentence based on an agreement with the government).

Moreover, the drug laboratory report confirms the substance contained cocaine base.  Doc. 3 at 54.[1]  Petitioner's lengthy assertions to the contrary are frivolous and totally lacking in factual support.  Doc. 3 at 7-8; Doc. 11 at 7.  Also, it is of no consequence that the laboratory did not also conduct a purity analysis, as the entire weight of a mixture and substance containing a detectable amount of cocaine base is included in the calculation of the applicable Sentencing Guidelines range.  U.S.S.G. § 2D1.1, Drug Quantity Table (November, 2012); *see also United*

---

[1] The Court does not question the authenticity of the laboratory report since Petitioner attached a copy to his brief and relies on it in support his arguments.

*States v. Palacios-Molina*, 7 F.3d 49, 54 (5th Cir. 1993) ("sentencing decisions should be based on the amount of marketable drug mixtures trafficked, however pure").

Likewise, Petitioner's contention that counsel rendered ineffective assistance in permitting him to plead guilty to Count 4 is unavailing. Petitioner again contradicts his sworn averment at rearraignment that he was fully satisfied with the advice and representation he had received from counsel. Crim. Doc. 49 at 20. Furthermore, the objections he asked counsel to make (regarding no drug and drug purity) are the very ones the appellate court deemed frivolous after reviewing his *Anders* Response. Doc. 10-1 at 23-31; *Jackson*, 576 F. App'x at 317. Nevertheless, a review of the record reveals that counsel acted with reasonable diligence in evaluating the evidence, including the lab reports, to ensure that the facts supported Petitioner's guilty plea.

Counsel also bargained for a favorable plea agreement for his client. Had Petitioner not accepted the agreement to plead guilty to Counts 1 through 4, he would have faced a 15-year mandatory minimum sentence as to Count 5, which charged felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *See* Presentence Investigation Report (PSR) at ¶ 68, Crim. Doc. 30-1 at 15 (if the defendant had pleaded guilty to Count 5, he would have been deemed an Armed Career Criminal). Counsel explained as much in his post-plea letter, which addressed the PSR and responded to Petitioner's questions.

> If your position is that the 198.45 grams was not crack, but rather very low quality powder, then you should have told me that months ago and, more importantly, should not have agreed to that in the factual résumé. I advised you that you should take the government's offer to avoid the 15 year minimum sentence for the gun and the §924(c). But I never said you should agree to things that are not true. I presumed that, when you signed the factual résumé, everything in it was true.
>
> In any event, the DEA tested the 198.45 grams and the tests show that it is actually 195.7 net grams of cocaine base . . . . This means that not only does the factual résumé say the substance seized from your car was "crack", but the lab

>report does too.  In my opinion that is the end of the issue. . . .  In light of the factual résumé and the lab report, I can't argue that the substance seized from your car was not crack.

Doc. 10-1 at 37-38.  Furthermore, the District Judge considered the low purity level of the cocaine base at sentencing (in response to counsel's argument), nonetheless, she found the offenses were "extremely serious," especially in light of Petitioner's prior conviction, and justified the sentence imposed.  Crim. Doc. 50 at 28-30.

Based on the above, the Court concludes that counsel did not perform deficiently in advising Petitioner to plead guilty to Count 4 as part of his plea agreement with the Government.  Even assuming deficient performance, Petitioner cannot meet the heavy burden of showing prejudice – namely that, but for counsel's deficient performance, he would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Petitioner's unsworn brief merely states that "[a]bsent counsel's defective advice, Movant would not have pled guilty to Count four and would have proceeded to trial on the false accusations."  Doc. 3 at 7; *see also* Doc. 3 at 14, 26.  However, Petitioner had abundant time after the entry of his guilty plea and through sentencing, some seven months later, to advise the Court that he was dissatisfied with his guilty plea and/or with defense counsel's conduct.  Yet, at sentencing, he voiced no specific objection or concern about his plea to Count 4 or his counsel's allegedly deficient performance, except for complaining that counsel had refused to raise his sentencing arguments, a matter which the Court addressed separately.  Crim. Doc. 50 at 5-6, 10-12; Crim. Doc. 47.

In addition, even if Petitioner could properly raise an actual innocence claim despite his guilty plea, his innocence declarations are unsubstantiated.  *See McQuiggin v. Perkins*, ––– U.S. –––, 133 S. Ct. 1924, 1928 (2013) (actual innocence may provide "a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the

statute of limitations."). He offers no new evidence, let alone credible evidence, that would undermine this Court's confidence regarding the finding of guilt. *Id.* at 1928, 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) ("[T]enable actual-innocence gateway pleas are rare," and to meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'"); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Accordingly, Petitioner's ineffective assistance of counsel claim fails.

### *Federal Rule of Criminal Procedure 11*

Next, Petitioner asserts counsel was ineffective in allowing the Court "to commit a Rule 11 violation without [any] objection" when he pled guilty to Count 4. Doc. 3 at 11. He maintains the Court was "denied critical information concerning the substance" of his plea when counsel and the government failed to inform the Court that the substance was not a controlled substance and, thus, the Court based its decisions that Petitioner understood the nature of the charges and that there was a factual basis to support his guilty plea on inadequate information. Doc. 3 at 12-13. However, as previously discussed herein, Petitioner did not complain about the voluntariness of his plea to Count 4 or the factual basis supporting it at rearraignment or, seven months later, at sentencing. In addition, because the Court has found that Petitioner's assertions concerning the quantity and purity of the controlled substance alleged in Count 4 lack merit, a sufficient factual basis appeared in the record and, thus, defense counsel's failure to raise an objection under FED. R. CRIM. P. 11 did not fall below an objective standard of reasonableness. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (per curiam) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."); *United States v. Carter*, 117 F.3d 262, 264 (5th Cir. 1997) ("The factual basis

must appear in the record and must be sufficiently specific to allow the court to determine if the defendant's conduct was within the ambit of that defined as criminal. . . . Relief from a formal or technical violation of Rule 11 is not available in a § 2255 collateral attack, but instead is available only upon a showing of prejudice ).  Accordingly, this ineffective assistance of counsel claim also fails.

### B. Ineffective Assistance of Counsel at Sentencing (Claim 2)

Petitioner also asserts ineffective assistance of counsel at sentencing.  Specifically, he claims counsel failed to raise objections at sentencing to (1) the quantity of drugs attributed to Petitioner in the PSR, (2) the two-level weapon enhancement, and (3) the Court's disallowance of his right of allocution.  Doc. 3 at 15, 18-38; Doc. 11 at 8-10.  The Court analyzes his claims under the *Strickland* standard outlined above.

The guideline arguments Petitioner faults counsel for failing to properly advance at sentencing lack merit.  The quantity of drugs attributed to Petitioner in the PSR was calculated from actual seizures, including four specific seized amounts (totaling 389.3 grams) which Petitioner stipulated in the Factual Résumé that he possessed.  Crim. Doc. 30-1 at 5-7; Crim. Doc. 20 at 2-4.  Petitioner's objections center on the quantity of cocaine base which he claims was nearly all sodium bicarbonate (an argument already refuted herein) and a smaller amount (69.4 grams) seized pursuant to a search warrant from a residence he describes as belonging to his "estranged spouse."  Doc. 3 at 15.  Petitioner argues, *inter alia*, that there is no proof he actually lived at that residence and constructively possessed the seized drugs or firearm discovered there.  Doc. 3 at 16-17, 19-20.

As to the drug quantity, Petitioner's argument is inconsequential since, based solely on the stipulated quantities, his Base Offense Level would have been the same.  *See* U.S.S.G. §

7

2D1.1, November 2012 (Drug Quantity Table) (establishing Base Offense Level 32 for "[a]t least 280 G but less than 840 G of Cocaine Base). Thus, any objection to the inclusion of the disputed quantity of cocaine base seized pursuant to a search warrant would have been futile. *See Preston*, 209 F.3d at 785 (counsel is not ineffective for failing to raise a frivolous objection); *United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir. 2012) (per curiam) (citing *United States v. Villegas-Rodriguez,* 171 F.3d 224, 230 (5th Cir. 1999) (same as to meritless guideline objection). That notwithstanding, the record belies Petitioner's contention that the evidence did not support the guideline drug quantity calculation and the firearm enhancement.

According to the PSR, an unloaded AK-47 rifle was found with a sling and two plastic bags of cocaine base in a locked storage box in the garage of the residence at issue. Crim. Doc. 30-1 at 6. A loaded magazine was located inside an unlocked storage compartment on a motorcycle (subsequently found to be registered in Petitioner's name) parked in the same garage. Crim. Doc. 30-1 at 6. On January 13, 2013, Petitioner was observed by surveillance officers at the residence, which he "periodically shared with his wife," prior to his attempted distribution of cocaine base to an undercover officer that resulted in his arrest. Crim. Doc. 30-1 at 6. Moreover, as reflected in counsel's post-plea letter to Petitioner, Petitioner's wife told investigators that she was unable to open the metal box that contained the drugs and firearm because Petitioner had the only key. Doc. 10-1 at 36. Thus, contrary to Petitioner's assertions, there was ample evidence that he constructively possessed both the drugs and the firearm. Also, the facts of the case presented a more than adequate "temporal and spatial relationship of the weapon, the drug trafficking activity, and the defendant," justifying the two-level weapon enhancement. *See United States v. Zapata*-Lara, 615 F.3d 388, 390 (5th Cir. 2010); *see also*

U.S.S.G. § 2D1.1(b)(1), comment. (n.11(A)) (two-level enhancement applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense").

Additionally, employing the required "highly deferential" review, this Court cannot find fault in trial counsel's decision not to urge frivolous objections as part of his "sound trial strategy." *Strickland*, 466 U.S. at 689. As counsel alluded in his correspondence to Petitioner, making frivolous objections could have resulted in an increase in the Guidelines calculations:

> If there was not a cost associated with filing objections, then I would agree that we should object to everything. But there is a cost. And I think the chance of us getting these two [gun enhancement] levels knocked off is non-existent. It is not worth the potential cost of credibility with the Court, you losing acceptance of responsibility, etc.
>
> \* \* \*
>
> I am committed to getting the lowest sentence possible. But, that does not necessarily mean that I am going to object to everything in the PSR. If an objection is more likely to *add time* than *subtract* time, then making that objection is unwise and I won't do it. This is the main reason I don't plan on objecting to the two-level gun enhancement.

Doc. 10-1 at 37-38 (emphasis in original). *See* U.S.S.G. § 3E1.1, comment. (n.1(A)) ("a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with [receiving a two-level reduction for] acceptance of responsibility").

Finally, the record disproves Petitioner's contention that he was not permitted to allocute at sentencing. Doc. 3 at 34. In fact, before imposing the sentence, the Court granted Petitioner the opportunity to make a statement, of which he immediately availed himself. Crim. Doc. 50 at 26-27. While the Court did not permit him to present his own *pro se* objections to the PSR (because he was represented by counsel and was not entitled to hybrid representation) that issue was addressed at the beginning of the sentencing hearing and did not interfere in any way with his later allocution. Crim. Doc. 50 at 5-8, 11-12.

9

In summary, because Petitioner's sentencing claims lack merit, his trial counsel was not ineffective for failing to present them. Accordingly, Petitioner's claims of ineffective assistance of counsel at sentencing should be denied.

### C. Ineffective Assistance of Counsel on Appeal (Claim 3)

Petitioner asserts that appellate counsel provided ineffective assistance in filing an *Anders* brief when "meritorious issues could have been presented." Doc. 3 at 39. Specifically, he asserts that appellate counsel should have presented the Rule 11 and sentencing claims that Petitioner offered in connection with his prior ineffectiveness claims at sentencing. Doc. 3 at 41. However, for reasons previously stated, the claims are meritless and, thus, appellate counsel correctly concluded that there was no non-frivolous issue warranting briefing on the merits. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (when a petitioner asserts that appellate counsel erroneously failed to file a merits brief, he can satisfy the first part of the *Strickland* test by showing that a reasonably competent attorney would have found that at least one of his claims presented a non-frivolous issue). Moreover, Petitioner presented to the appellate court in his *Objection to Anders Brief* substantively all of the arguments he raises here. Doc 10-1 at 23-29. As indicated previously, in dismissing his appeal, the Fifth Circuit deemed those arguments frivolous. *Jackson*, 576 F. App'x at 317. Because Petitioner cannot show that appellate counsel rendered constitutionally ineffective assistance, his ineffective assistance claim has no merit.

### D. Evidentiary Hearing

Petitioner requests an evidentiary hearing. Doc. 3 at 52. However, "[w]hen the files and records of a case make manifest the lack of merit of a section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also Cervantes*, 132 F.3d at 1111 (petitioner was not entitled to an evidentiary hearing

because he did not meet his burden of proof under section 2255).  Accordingly, because Petitioner's claims lack merit for the reasons outlined above, no evidentiary hearing is required.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be **DENIED**.

SIGNED this November 24, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F̲ED̲. R̲. C̲IV̲. P̲. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE